UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

AHMED HAMDAN ALKHUB                                              PLAINTIFF

v.                                                       CIVIL ACTION NO. 3:19-CV-101-GNS

LOUISVILLE COUNTY JAIL et al.                                DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Ahmed Hamdan Alkhub, *pro se* and *in forma pauperis*, brought this action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).[1] For the reasons that follow, the action will be dismissed.

**I. STATEMENT OF CLAIMS**

Plaintiff names as Defendants the Louisville County Jail; Louisville County Sheriff John Aubrey; the U.S. Marshal's Department; the Lucas County Jail, in Lucas County, Ohio; Lucas County Sheriff John Tharp; and several John Doe Defendants, some of which are located in Louisville and some in Ohio. He states that he brings this action pursuant to 42 U.S.C. § 1983, the Federal Tort Claims Act (FTCA), and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). He states that he was formerly a prisoner housed at the Louisville County Jail for approximately one week in November 1998. He alleges that when he arrived he was checked by the medical staff and tested negative for tuberculosis. He states that he was later transported by the U.S. Marshal's Service to the Lucas County Jail in Toledo, Ohio. He states that upon his arrival there he tested positive for tuberculosis and was provided treatment.

---

[1] On May 20, 2019, this Court dismissed Plaintiff's case without prejudice for failure to comply with an Order of this Court. The case has been reopened on Plaintiff's motion to reinstate this action.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court first turns to the question of whether Plaintiff has properly joined claims against Defendants located in Ohio in this action. Under Federal Rule of Civil Procedure 20(a)(2), persons may be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "[P]laintiffs . . . do not have free reign to join multiple claims and defendants in any manner they choose." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009). "'[T]he policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit.'" *Id.* (quoting *Boretsky v. Corzine*, No. 08-2265 (GEB), 2008 WL 2512916, at *4 (D.N.J. June 23, 2008)).

Rule 21 of the Federal Rules of Civil Procedure gives the Court "discretion to . . . add parties, drop (dismiss) parties, and . . . sever [a]ny claim against a party." *Jones v. Pancake*, Nos. 3:06CV-P188-H, 3:07CV00634-JGH, 0:07-cv-00111-HRW, 2007 WL 4104568, at *3 (W.D. Ky. Nov. 14, 2007) (internal quotation marks and citation omitted). Rule 21 has been interpreted as allowing the Court to dismiss a misjoined party without prejudice. *See Deleon v. Hamilton Cty. Sheriff's Dep't*, No. 1:12-CV-68, 2012 WL 3116280, at *3 (E.D. Tenn. July 31,

2012); *see also Letherer v. Alger Grp., L.L.C.*, 328 F.3d 262, 266-68 (6th Cir. 2003) (affirming dropping of misjoined party and dismissing claims against that party), *recognized as overruled on other grounds in Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008).

Here, the allegations against the Ohio Defendants are factually distinct from Plaintiff's allegations involving the Kentucky Defendants. Moreover, Plaintiff's claims against the Ohio Defendants will involve application of Ohio's statute of limitations. The Court finds that Plaintiff has improperly joined the Ohio Defendants in this action and that the appropriate and most efficient manner in which to remedy the misjoinder is to dismiss the claims against each of the Ohio persons and entities, *i.e.*, Lucas County Jail, Lucas County Sheriff Tharp, and the Ohio John Doe Defendants, without prejudice.

The Court now turns to Plaintiff's claims against the Kentucky Defendants. As set forth below, the Court finds that Plaintiff's claims against the Kentucky Defendants are time barred.

Constitutional claims asserted under § 1983 and *Bivens*[2] are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007); *Zappone v. United States*, 870 F.3d 551, 559 (6th Cir. 2017) ("*Bivens* claims, like § 1983 claims, ordinarily borrow the personal-injury statute of limitations from the state in which the claim arose."). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002).

---

[2] A *Bivens* claim is a judicially created counterpart to a 42 U.S.C. § 1983 civil-rights action and is properly brought against federal officials who have allegedly denied a plaintiff's constitutional rights. *Bivens*, 403 U.S. at 390-97.

It appears from the allegations in Plaintiff's complaint that Plaintiff knew of his diagnosis of tuberculosis when he tested positive at his arrival at the Lucas County Jail. Though the applicable statute of limitations is determined by state law, the date on which the statute of limitations begins to run is determined by federal law. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal quotation marks, brackets, and citations omitted). Here, Plaintiff's claim accrued in 1998. This § 1983 and *Bivens* action was filed over nineteen years after the statute of limitations had run.

The FTCA allows the United States to be sued "in the same manner and to the same extent as a private individual under like circumstances" for a tort claim arising from the acts of federal employees acting within the scope of their employment. 28 U.S.C. § 2674; *see also Young v. United States*, 71 F.3d 1238, 1241 (6th Cir. 1995). The FTCA contains its own statute of limitations, which provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

Absolutely, nothing in the complaint suggests that Plaintiff's FTCA claim against the U.S. Marshal's Service regarding his transportation from Kentucky to Ohio in November 1998, more than twenty years ago, is not time barred.[3]

---

[3] The summons for the U.S. Marshal's Service filed by Plaintiff gives the address as Louisville, Kentucky, and therefore, the Court considers Defendant U.S. Marshal's Service to be one of the Kentucky Defendants.

4

## III. CONCLUSION

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: October 21, 2019

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4416.009