UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

AHMED HAMDAN ALKHUB                                             PLAINTIFF

v.                                          CIVIL ACTION NO. 3:19-CV-101-GNS

LOUISVILLE COUNTY JAIL et al.                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ahmed Hamdan Alkhub initiated this civil-rights action against Defendants located in Kentucky and Ohio, as well as the U.S. Marshal's Service, raising claims related to contracting tuberculosis. Plaintiff's application to proceed *in forma pauperis* was granted, and the Court performed the required initial review pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). By Memorandum Opinion and Order entered on October 21, 2019, the Court, on initial review, severed and dismissed the claims against the Ohio Defendants without prejudice and dismissed the remainder of the claims for failure to state a claim upon which relief may be granted.

On November 25, 2019, Plaintiff filed a motion titled "Motion for Reconsideration to Alter or Amend Judgment" (DN 17) regarding the Court's dismissal of his action. That motion cites to Fed. R. Civ. P. 59(e) and 52(b).

Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A court cannot enlarge the time for filing a Rule 59(e) motion. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."); *see also Keith v. Bobby*, 618 F.3d 594, 599 (6th Cir. 2010).

The period for filing a Rule 59(e) motion in this case ended Monday, November 18, 2019. Plaintiff's motion was filed November 25, 2019. Because Plaintiff's motion was required to actually be received by the Court no later than November 18, 2019, *see, e.g.*, *Watkins v. Univ. of Memphis Campus Police Servs.*, No. 15-2006-JDT-DKV, 2015 WL 808483, at *1 (W.D. Tenn. Feb. 25, 2015), Plaintiff has not filed a timely Rule 59(e) motion.

Rule 52(b), also cited by Plaintiff, is not applicable. It is "intended to permit a party to move the trial court to clarify or supplement factfindings to enable the appellate court to understand the factual issues determined at trial." *Clark v. Nix*, 578 F. Supp. 1515, 1516 (D. Iowa 1984). Rule 52 does not apply here "because it deals only with trials, and there was no trial in this case." *Am. Res. Ins. Co. v. Evoleno Co., LLC*, No. CIV A 07-0035-WS-M, 2008 WL 5120692, at *2 (S.D. Ala. Dec. 1, 2008).

A motion under Rule 59 that is filed more than 28 days after entry of judgment may be treated as a Rule 60(b) motion for relief from judgment. *See, e.g., In re Saffady*, 524 F.3d 799, 808 n.2 (6th Cir. 2008). Under Fed. R. Civ. P. 60(b):

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

In his motion, Plaintiff argues that the Ohio Defendants should not have been severed because they were involved in the same occurrence or series of transactions. He also argues that the Court should not have found that the other claims were time-barred and that he should be allowed to develop his theory as to why the statute of limitations would not bar his claims.

Plaintiff makes no argument that the judgment is based on "mistake, inadvertence, surprise, or excusable neglect;" "newly discovered evidence;" fraud, misrepresentation, or misconduct; or that the judgment is void or has been satisfied, released, or discharged. The only subsection of this Rule which could apply here would be (6), *i.e.*, "any other reason that justifies relief."

On initial screening, the Court found that the Ohio Defendants must be severed because the allegations against the Ohio Defendants are factually distinct from Plaintiff's allegations involving the Kentucky Defendants and that the claims against the Ohio Defendants will involve application of Ohio's statute of limitations. The Court found that Plaintiff improperly joined the Ohio Defendants in this action.

The Court found that his other claims were barred by the one-year statute of limitations because the allegations in the complaint showed that Plaintiff knew of his tuberculosis diagnosis in 1998. Although Plaintiff's motion for reconsideration argues that he should be allowed to develop a theory about why his claim is not barred by the one-year statute of limitations, neither the complaint nor the motion to reconsider offer any reason that Plaintiff did not know at the time of his transfer in 1998 that he was diagnosed with tuberculosis. As the Court stated in its initial review, although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002).

A motion to reconsider is not a platform to relitigate arguments previously considered and rejected. *See Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 672 (6th Cir. 2003). "[F]acts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Rossi v. Troy State Univ.*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002) (denying motion to reconsider where plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so). Nor should a motion to reconsider "be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). Plaintiff has not demonstrated that he is entitled to relief under Rule 60(b).

**IT IS ORDERED** that Plaintiff's motion to reconsider (DN 17) is **DENIED**.

Date:


cc: Plaintiff, *pro se*
4416.009